IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ATHERTON,<br><br>      Plaintiff,<br>v.<br><br>AMTRACK RAILROAD ET AL.,<br><br>      Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:19-cv-00378-DAK-CMR<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

   This matter is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B) (ECF 4).  On June 13, 2019, the court granted Arlene R. Atheron's (Plaintiff or Ms. Atherton) application for leave to proceed *in forma pauperis* and waived the prepayment of filing fees pursuant to 28 U.S.C. § 1915 (IFP Statute) (ECF 2).  On September 11, 2020, Plaintiff filed a "Statement Regarding Inability to Communicate" (Miscellaneous Filing) (ECF 6).  On July 21, 2021, the court issued an Order to Show Cause ordering Plaintiff to respond to the court indicating why the case should not be dismissed for failure to prosecute (ECF 7).  Plaintiff submitted a Response to Order to Show Cause on August 11, 2021 (ECF 8).   Upon review of Plaintiff's Complaint, the Miscellaneous Filing, and Response to Order to Show Cause, pursuant to Local Rule 3-2(c), the undersigned recommends that the court dismiss Plaintiff's complaint (ECF 3) as frivolous and for failing to state a claim upon which relief may be granted.

## LEGAL STANDARDS

   Section 1915(e) provides that the court "shall dismiss the case at any time if the court determines" that the action "is frivolous" or "fails to state a claim on which relief may be

granted." 28 U.S.C. § 1915(e)(2).  The court may dismiss a complaint as frivolous due to either legal or factual shortcomings.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Section 1915(e) "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke*, 490 U.S. at 327.  To help facilitate that objective, Section 1915(e) provides the court with power to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

A cause of action is legally frivolous if it alleges the "infringement of a legal interest which clearly does not exist." *Id.*; *see also Sardakowski v. Ivandick*, 653 F. App'x 596, 597 (10th Cir. 2016).  A complaint is factually frivolous when its factual allegations are "clearly baseless," a classification encompassing allegations that are fanciful, fantastic, and delusional. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).  A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Because Plaintiff is acting *pro se*, the court construes the pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff's *pro se* status does relax the pleading standards some, but it does not eliminate the basic requirements that the complaint contain facially plausible claims.

## DISCUSSION

Plaintiff's case cover sheet indicates she is filing a claim against defendants[1] for civil rights violations and violations of the Americans with Disabilities Act however, the court is unable to discern the substance of Plaintiff's claims as the Complaint is handwritten and mostly illegible. The Exhibits attached to Plaintiff's Complaint include some of the individual defendants' business cards, more indecipherable handwritten documents, an Amtrack ticket, what appears to be a Rifle City Police Report, and a confirmation email from the U.S. Department of Transportation (ECF 3). Plaintiff's Miscellaneous Filing references potential obstruction of justice "enroute to Senator Feinstein's office to discuss these cases" and "Gov. Gary Newsom's ORDER for Coronavirus" (ECF 6), as well as clip art and images unrelated to any legal claims. The only reference to any potential civil rights violations or violation of the Americans with Disabilities Act is Plaintiff's claim that "Post 9/11 citizens know they can dispose of anyone they don't like" and a copy of a news article titled "Forced Medications at County Jail?" (ECF 6).

The Miscellaneous Filing also includes references to a claim of bad faith and false arrest against the Santa Barbara Police Department; however, the Santa Barbara Police Department is

---

[1] While the court is unable to ascertain from Plaintiff's handwritten Complaint who her claims are against, the docket reflects that the named defendants include Amtrak Railroad Company, Rifle City Police Department, and Rifle City Police Officers Edgar Lara and Jared Bartunek.

not named in Plaintiff's Complaint and the court cannot discern how an incident with the Santa Barbara Police is relevant to Plaintiff's present claim in this court.  The Miscellaneous Filing also includes lengthy references to the California Penal Code, which is not binding authority in this jurisdiction, along with a string of irrelevant references to legal jargon that are nonsensical at best.

Plaintiff's Response to Order to Show Cause (Response) fails to support or supplement any claim or basis for relief.  The Response includes a narrative of Plaintiff's arrest at a Virginia grocery store and custody in a mental health facility (ECF 8).  While the Response does reference "the Amtrack case," Plaintiff alleges for the first time that her Complaint is about "a contract to ride 1st amendment freedom of speech."  In short, Plaintiff's Complaint, and subsequent filings, are frivolous.  There is no way to interpret these assertions, along with the cadre of others she makes, even under the most liberal construction possibly afforded a *pro se* plaintiff.  The Complaint centers on baseless assertions and the court cannot draw from it the reasonable inference that any of the named defendants are liable for the misconduct alleged.

The court therefore recommends the Complaint be dismissed without prejudice.

## RECOMMENDATION

Consistent with DUCivR 3-2(c) and under 28 U.S.C. § 1915, the undersigned recommends that Plaintiff's Complaint be dismissed as frivolous and for failing to state a claim upon which relief may be granted.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy,

any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 6 October 2021.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah